**REED, WIBLE and BROWN, INC., Plaintiff**

**v.**

**ALPHONSO HOLDER, Commissioner of Property and Procurement of the Government of the Virgin Islands**

**and**

**BALDWIN CONSTRUCTION CO., INC., Defendants**

Civil No. 289-1975

District Court of the Virgin Islands

Div. of St. Croix

April 29, 1975

JAMES & RESNICK, ESQS. (JEFFREY L. RESNICK of counsel), Christiansted, St. Croix, V.I.

RUSSELL B. JOHNSON of counsel, Christiansted, St. Croix, V.I.

YOUNG, *District Judge*

### JUDGMENT AND ORDER

Upon an ex parte application and the posting of bond, a temporary restraining order was issued on April 18, 1975, ordering defendants Charles Baldwin d/b/a Baldwin Construction Company (herein "Baldwin") and Alphonso Holder, Commissioner of Property and Procurement for the Government of the Virgin Islands (herein "The Government") from performing a contract for the construction of additional classrooms at the Grove Place Elementary School. On the days of the 23rd and 24th of April, 1975, an evidentiary hearing was held at which plaintiff Reed, Wible and Brown, Inc., (herein "Reed") presented evidence and argument on the full merits for a permanent injunction and other relief. The Government and Baldwin presented evidence and argument in opposition. At the close of the hearing, I denied relief, stating into the record my findings of fact and conclusions of law.

The contract awarded to Baldwin was negotiated pursuant to the "open market" procedures of 31 V.I.C. § 239(a)(1) effectuated by the Proclamation of the Governor of February 26, 1975, that an emergency situation existed in the Public School System of the Virgin Islands. Reed was the only contractor to file a timely bid on the "Invitation to Bid". Instead of accepting this sole bid of $442,600.00, the Government called three other contractors to inquire if they were interested in bidding. Only Baldwin responded with a bid of $460,273.00. The Government then proceeded to negotiate with both Reed and Baldwin in

order to get the contract price down to the budgeted figure of approximately $300,000.00. In these negotiations, by curtailing the project, the two contractors brought their respective bids down to approximately $320,000.00 for Reed and $307,000.00 for Baldwin. Without engaging in any "whip saw" tactics of going back and forth between bidders, the Government accepted Baldwin's offer. Reed now complains that the Government should have come back to it once more with the additional deletions from the contract (as proposed by Baldwin) in order to give Reed the last opportunity to bid upon the same terms as Baldwin did.

██ While I personally agree with Reed that it should have been given one more opportunity to bid on the same curtailed project, I did find that the Government negotiated on the "open market" entirely within the broad discretion given to it by Section 239 (a) (1). The Court should not substitute its own concept of contract negotiation so long as the Government's negotiation was essentially fair; nor should the Court impose upon the Government the strict procedures of Section 236, pertaining to formal bidding. There are no set procedures to be followed in "open market" purchases unlike the formal bidding procedures outlined in 31 V.I.C. § 236. The procedure followed by the Government in negotiating the Baldwin contract did not represent "sharp practices" or "cause inequities for bidders" as proscribed in Section 1(a), Rules and Regulations issued pursuant to Title 31, Chapter 23, V.I. Code. The procedure did not constitute such a departure from fundamental fairness what would amount to an abuse of the broad discretion delegated to the Executive Branch of the Virgin Islands Government by 31 V.I.C. § 239 (a) (1).

Therefore, by reason of the foregoing short explanation and upon the findings of facts and conclusions of law which I have previously dictated into the record, it is hereby

ADJUDGED and ORDERED that the petition of plaintiff Reed, Wible and Brown, Inc., for a permanent injunction be DENIED; and it is

Further ORDERED that the complaint seeking an order to compel the Government to enter into a contract with plaintiff pursuant to plaintiff's bid be and it is hereby DISMISSED; and it is

Further ORDERED that Defendant-Counterclaimant Baldwin be entitled to relief on its counterclaim for damages caused by the issuance of the temporary restraining order, said damages to be determined by this Court along with any award for costs and attorney's fee upon due proof thereof at an adversary and evidentiary hearing to be held upon appropriate notice to all parties.